## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **WAYNE CRADER** | **NO. \_\_\_\_-cv-_____** |
| **VERSUS** | **JUDGE _____** |
| **STATE FARM FIRE &** | **MAGISTRATE JUDGE _____** |
| **CASUALTY COMPANY** | |

### <u>COMPLAINT</u>

NOW INTO COURT, through undersigned counsel, come **WAYNE CRADER** (the "<u>Plaintiff</u>"), who files this Complaint based upon the following allegations of fact and law:

### 1.

Made Defendant herein is:

STATE FARM FIRE & CASUALTY INSURANCE COMPANY, who may be served with a certified copy of this Complaint and the accompanying Summons through its registered agent for service of process, LOUISIANA SECRETARY OF STATE, 8585 Archives Avenue, Baton Rouge, Louisiana, 70809 ("<u>Defendant</u>").

### 2.

This Court may exercise its jurisdiction of this matter because (1) the amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00) based on the facts and circumstances described herein; and (2) there is complete diversity of citizenship between the parties.  In accordance with 28 USC

1332(c), the citizenship of the parties is established as follows: (1) Defendant, upon information and belief, is a citizen of Illinois as it is incorporated in and maintains its principal place of business in Illinois; and (2) the Plaintiff is a citizen of Louisiana as he is domiciled in Calcasieu Parish.

3.

The Plaintiff owns a home located at the municipal address of 3584 Lost Lane, Lake Charles, Louisiana 70605 (the "Property").

4.

Hurricane Laura made landfall in Southwest Louisiana on August 27, 2020, causing catastrophic damage in the area (the "Storm").  The Property suffered substantial damage due to the Storm.

5.

Plaintiff maintained a policy of insurance with Defendant to insure against losses sustained to the home resulting from the Storms.

6.

Plaintiff submitted numerous invoices and estimates to Defendant during the claims process. These submissions constitute satisfactory proof of loss under La. R.S. § 22:1892; 1973.  See e.g., *La. Bag Co. v. Audubon Indem. Co.*, 999 So. 2d 1104 (La. 2008).

7.

At all relevant times, Plaintiff performed his obligations under the contract including the payment of premiums.

8.

Defendant failed to perform its contractual obligations under the Policy to reimburse its insured for losses sustained on the Property as its payments have been grossly insufficient to compensate Plaintiff for the damage to the Property.

9.

Defendant owes a statutory duty to investigate and deal with its insureds in good faith.  See La. R.S. § 22:1892; 1973.  Defendant failed to perform its statutory duties to the insured as its payments are insufficient to repair the Property.

10.

Defendant breached its obligations under the contract of insurance and is indebted to the Plaintiffs in an amount equal to the value of the damages sustained to the Property.

11.

Further, La. R.S. § 22:1892 entitles Plaintiffs to an award of penalty damages equal to 50% of the determined damages, attorney fees, and costs incurred collecting the amounts owed under the Policy. On the other hand, La. R.S. § 22:1973 entitles Plaintiffs to an award of penalty damages equal to twice the amount of damages sustained.  The penalty statutes are mutually exclusive, and the Court may enforce whichever statute entitles Plaintiffs to a greater award.

12.

In addition to the breach of contract and statutory claims set forth above, Plaintiffs seek damages arising from Defendant's failure to perform its obligations under the Policy including, but not limited to, specific performance, negligence, punitive damages, and all other compensatory damages related to Defendant's conduct.

WHEREFORE, Plaintiffs, WAYNE CRADER, asks that his Complaint be deemed good and sufficient and that, after all legal delays and due proceedings, judgment be rendered in its favor, and against Defendant, STATE FARM FIRE & CASUALTY INSURANCE COMPANY:

I.      By issuing a Summons and copy of this Complaint to Defendant within the time delays allowed by law;

II.     Granting to Plaintiff all relief requested herein, including, but not limited to, general damages, breach of contract, specific performance, negligence, and punitive damages arising from La. R.S. § 22:1892 or La. R.S. § 22:1973, reasonable attorney fees, and legal costs of this proceeding; and

III.    Granting to Plaintiff such additional relief as the law, evidence and equity warrants, and this Court is competent to grant, including, but not limited to, attorney fees, and legal costs, as may be appropriate.

Respectfully submitted,

STUTES & LAVERGNE, LLC

/s/ Russell J. Stutes, III
RUSSELL J. STUTES, JR. (#21147)
RUSSELL J. STUTES, III (#38420)
600 Broad Street
Lake Charles, LA 70601
Telephone: (337) 433-0022
Facsimile: (337) 433-0601
 Email:  rusty@stuteslaw.com
                rjs3@stuteslaw.com

*Attorneys for Wayne Crader*

**PLEASE SERVE UNDER FRCP 4:**
STATE FARM FIRE & CASUALTY INSURANCE COMPANY
*By its registered agent*:
Louisiana Secretary of State
8585 Archive Avenue
Baton Rouge, LA 70809